UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CASSIE WILL-DARNALL,<br>Defendant. | Case No. 24-cr-00292-PCP-1<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 65 |

Third party claimant Sandra Will petitions this Court for an ancillary proceeding to determine her interests in two properties subject to forfeiture to the United States, one of which is 111 Belwood Gateway in Los Gatos, California. The United States has withdrawn its request for forfeiture of the other property and now moves to dismiss Ms. Will's petition for failure to state a claim as to the Belwood property. For the reasons set forth herein, Ms. Will's petition is dismissed with leave to amend.

At the time of the criminal conduct at issue in this matter and for several years before that, recorded title to the Belwood property was held in the name of defendant Cassie Will-Darnall, Ms. Will's daughter. The United States premises its forfeiture request on evidence that money generated from Ms. Will-Darnall's criminal conduct was transferred into the Belwood property and used to clear its title of certain liens. Because Ms. Will-Darnall did not file any opposition to the forfeiture request, whether the Belwood property is subject to forfeiture on that basis is not before the Court.

Under these circumstances, Ms. Will is entitled to challenge the Belwood property's forfeiture through an ancillary petition only if she can demonstrate that her interest in the Belwood property is superior to that of her daughter. In the existing petition, Ms. Will argues that because she paid off her daughter's mortgage on the Belwood property in 2018 and thereafter held a deed

of trust on the property to secure repayment, she "effectively became a mortgagee." Petition at 12. But as Ms. Will acknowledges, Petition at 11, California law does not grant the beneficiary of a deed of trust an interest that is superior to that of the trustor or homeowner. *See First American Title Ins. Co. v. United States*, 848 F.2d 969, 971 (9th Cir. 1988) (observing that a mortgagee owns a "lesser interest" in a property than the mortgage holder). The existing petition thus fails to set forth a valid legal theory through which Ms. Will could establish a superior interest in the Belwood property.

At the hearing on the government's motion to dismiss, Ms. Will's counsel argued that she acquired a property interest in the Belwood property through her provision of funds to Ms. Will-Darnall over several years. That theory, however, is not set forth in Ms. Will's existing petition and the parties have not briefed its legal validity. Because it may be possible for Ms. Will to state a viable theory in an amended petition, the Court grants the government's motion to dismiss Ms. Will's petition with leave to amend. Any amended petition is due within 21 days of this order.

**IT IS SO ORDERED.**

Dated: October 21, 2025

P. Casey Pitts
United States District Judge

2